UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. GAMMINO, | : |
| | :    Civil Action No. 2:10-cv-02493-CMR |
| Plaintiff, | : |
| | : |
| v. | :    Honorable Cynthia M. Rufe |
| | : |
| SPRINT COMMUNICATIONS | : |
| COMPANY L.P., et al. | : |
| | : |
| Defendants. | : |

# Plaintiff John R. Gammino's Sur-Reply to Defendants' Second Motion for Summary Judgment

ASTOR WEISS KAPLAN & MANDEL, LLP

BY:    William M. Mullineaux, Esquire
Attorney I.D. No. 40964
David L. Woloshin, Esquire
Attorney I.D. No. 20510
Brian J. Discount, Esquire
Attorney I.D. No. 307976
200 South Broad Street
Suite 600, The Bellevue
Philadelphia, PA 19102
(215) 790-0100 (telephone)
(215) 790-0509 (facsimile)

## TABLE OF CONTENTS

## I. Introduction and Summary of Argument

Defendants' Reply can be broken into two sections. For Claims 8, 10-14, 22, 24-28 and 35-41 Defendants argue that they have proven collateral estoppel and ask for summary judgment on those claims. Second, Defendants allege that they have proven their own case of invalidity by anticipation and they do not rely on collateral estoppel.

### (a) Collateral Estoppel

Defendants argue that when the <u>SWB</u> Court held that "asserted claims" were invalid (the "Order") that claims 8, 10-14, 22, 24-28 and 35-41 of the '125 patent were within the scope of "asserted claims" declared invalid. To the contrary, when the <u>SWB</u> Court issued its Order the Amended Declaration of Asserted Claims was on record (<u>SWB</u> Dkt 87; Exhibit C) and it does NOT include Claims 8, 10-14, 22, 24-28 and 35-41.

Defendants' argue that the <u>SWB</u> Court, without informing the parties or making any record, disregarded the Amended Declaration. To the contrary, the <u>SWB</u> Court itself <u>directed and requested</u> an amendment. The <u>SWB</u> Court made no record of ignoring the document. Indeed, on a motion for summary judgment, the <u>SWB</u> Court was required to evaluate the <u>entire setting of the case</u>, including the record. <u>Shuster's Builders Supplies, Inc. v. Peachtree Doors and Windows, Inc.</u>, 2006 WL 2773842, at 4. (W.D.Pa. 2006).

Southwestern Bell did not object to the Amended Declaration and the court filings leading up to the Order show that the Amended Declaration was recognized as in effect. A court-filed expert report for Southwestern Bell stated that it had been modified to address the Amended Declaration.

The SWB Court's decision on validity was part of the Order which decided six (6) motions and from that group of motions the court had before it nine (9) motions/briefs that used or relied on the Amended Disclosure. The parties were litigating by using and relying on the Amended Declaration. Neither party made assertions with regard to the unamended Declaration. The parties had a common understanding that asserted claims were those cited in the Amended Declaration.

Because the Amended Declaration of Asserted Claims did not include Claims 8, 10-14, 22, 24-28 and 35-41, the SWB Court's Order did not declare those claims invalid.

### (b) Defendants' Attempt to Prove Invalidity by Clear and Convincing Evidence

Defendants suggest that they have proven their own case of invalidity by anticipation. Actually, Defendants arguments fall far short. Defendants for their invalidity case have submitted no factual testimony or expert testimony evaluating validity, and Defendants cite no law in support of their erroneous contentions.

To prove invalidity by anticipation the law requires proof by clear and convincing evidence of prior art that has all the elements of any challenged claim. The only prior art found by the SWB Court does not have all the elements of any of the claims pursued by Mr. Gammino in this case.

Defendants argue that claims in this case are identical to claims held invalid in the SWB case, and that its contention of identical claims results in a finding that the claims here are invalid. The Federal Circuit has rejected that argument. Also, the claims are not identical. Two experts for Mr. Gammino state the differences between the methods of the claims when applied in practice. Further, the Doctrine of Claim Differentiation

provides that two claims of a patent are presumptively different. Defendants did not try to overcome that presumption or offer any witness on the subject.

On the summary judgment motion, Defendants have not proved anticipation by clear and convincing evidence. The facts and law do not support a finding of invalidity.

**II. When the SWB Court Ruled that Asserted Claims Were Invalid the Declaration of Asserted Claims, as Amended Did Not Include Claims 8-14, 22-28, 35-41 and thus Those Claims Are Not Invalid.**

Defendants have the burden of proving the applicability of collateral estoppel to the issues it asserts are precluded by a prior adjudication. Greenway Center v. Essex Insurance Co., 475 F.3d 139 (3d Cir. 2007). Defendants have the burden of showing that the SWB Court decided the "identical issue" presented by the Defendants to this Court: that Claims 8-14, 22-28, 35-41 are invalid. Szehinskyj v. United States, 432 F. 3d 253, 255 (3d Cir. 2005) (an "identical issue "must have been adjudicated).

The Order of invalidity by the SWB Court did not include Claims 8-14, 22-28, 35-41 because such claims are not in the Amended Declaration. The SWB Court specifically requested the amendment. The Defendants still argue that the SWB Court disregarded the amendment but they have no evidence on the record or otherwise that the SWB Court decided to disregard the Amended Declaration. In that case, the record entry cannot be disregarded. The following docket entries are contrary to Defendant's arguments:

1. On July 10, 2006, Mr. Gammino filed a Disclosure of Asserted Claims and Infringement Contentions in which Mr. Gammino asserted infringement of 36 claims. See, Exhibit A. (SWB Dkt 48).

2. On September 6, 2006, the <u>SWB</u> Court at the Markman hearing said that the amount of asserted claims had to be reduced:

> I kind of want to start telling you this:  <u>Do y'all think that we can get the claims down to any fewer, ever?</u>  Or is this as few as you think it will ever get?
> 
> ....
> 
> Maybe they can do that up north, but down here in Dallas it just doesn't work. <u>We've got to get it down to about five or six, or maybe a few more, but that's about it.</u>
> 
> ....
> 
> We're going to have to keep narrowing it.  And I'll just keep on.  Because it makes it too hard.  I've tried to try it with a whole bunch.  It just doesn't work. And I'll keep working with you guys on that.  We'll try to do that.

Markman Hearing transcript, Exhibit B, p. 10:5, 11:1, 12:14 (Emphasis Supplied).

3. Following the request from the <u>SWB</u> Court, Mr. Gammino on October 20, 2006, filed an Amended Disclosure of Asserted Claims and Infringement Contentions and reduced the amount of asserted claims from 36 to 27. ("Amended Disclosure of Asserted Claims"). (SWB Dkt 87) See Exhibit C.

4. The Amended Disclosure was filed "[p]ursuant to the Court's Orders entered June 26, 2006 and September 19, 2006." (See Exhibit C at p. 1). It asserts that Claims 1, 3-7, 15, 17-21, 29, 31-34, 42-44, 47-49 of the '125 patent and 1-4 of the '650 patent were infringed. See Exhibit C at p. 1. Southwestern Bell did not object.

5. October 30, 2006: Southwestern Bell filed a brief in support of a motion to dismiss and cited the Amended Disclosure. See Exhibit D at p. 4 ( <u>SWB</u> Dkt 89).

6. November 13, 2006: Mr. Gammino filed a Reply regarding a motion to compel discovery of Southwestern Bell and cited the Amended Disclosure and attached a copy. See Exhibit E at p. 2-3 ( <u>SWB</u> Dkt 104).

7. November 17, 2006: Mr. Gammino filed a Response in Opposition to a Motion to Dismiss on almost on every page cited the Amended Disclosure. See Exhibit F at pp. 1-5, 7-13 (<u>SWB</u> Dkt 105).

8. Southwestern Bell's Supplemental Expert Report, which was filed of record with the court, says, "I have been asked to issue this supplemental report <u>based on Mr. Gammino's Amended Disclosure of Asserted Claims</u> and Infringement Contentions..." See Exhibit G at p. A49 (<u>SWB</u> Dkt 105-4) (Emphasis supplied).

9. December 4, 2006: Southwestern Bell filed a Response to a motion to compel and it made arguments to the <u>SWB</u> Court about alleged obligations of Mr. Gammino relating to the Amended Disclosure. See Exhibit H at p. 6 (SWB Dkt 106).

10. December 4, 2006: Southwestern Bell filed a Reply of its Motion to Dismiss and cited the Amended Disclosure. See Exhibit I at p. 1 (<u>SWB</u> Dkt 107).

11. December 19, 2006: Mr. Gammino filed a Reply to a motion to compel against Southwestern Bell, in which Mr. Gammino stated that he complied with the <u>Amended</u> Disclosure. See, Exhibit J at p. 10 (<u>SWB</u> Dkt 109).

12. December 27, 2006: Mr. Gammino filed a motion for Leave to File a Brief, cited Amended Disclosure, attached a copy. See, Exhibit K (<u>SWB</u> Dkt 110).

On March 23, 2006, more than 5 months after the filing of the Amended Disclosure, the <u>SWB</u> Court entered an Order that covered 6 motions "before the Court." All of the nine documents filed with the court and referenced in Paragraphs 1-12 above related to the six motions that the court was deciding together and all nine relied on or identified the <u>Amended</u> Disclosure and not the original unamended Disclosure.

On March 23, 2006, when the SWB Court entered Summary Judgment, Mr. Gammino's Amended Disclosure of Asserted Claims asserted Claims 1, 3-7, 15, 17-21, 29, 31-34, 42-44, 47-49 of the '125 patent and 1-4 of the '650 patent. The remaining claims were unasserted and the unasserted claims includes Claims 8-14, 22-28 and 35-41 of the '125 patent (pursued here) and the SWB Court did not hold those claims invalid.

The Amended Disclosure was filed at the direction and request of the court; Southwestern Bell did not object and subsequent to the amendment, both Mr. Gammino and Southwestern Bell in their filings referenced the Amended Disclosure and not the original Disclosure. On a Summary Judgment Motion, the SWB Court had to evaluate the entire record before it. Shuster's Builders Supplies, Inc., 2006 WL 2773842, at 4, citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Defendants mistakenly cite Petrolite Corp. v. Baker Hughes Inc., 96 F.3d 1423, 1426 (Fed. Cir. 1996), in support of their collateral estoppel defense. The cited case is **not** a collateral estoppel case and the collateral estoppel defense was not mentioned. Further, the cited court's approach when determining the scope of claims covered by a defendant's allegation of invalidity, was to look to the "the pleadings and other court documents" to determine the issue. Id. at 1426. In this case, the Court's review of the filings revealed nine documents that show the parties were litigating the claims in the Amended Disclosure of Asserted Claims.

Honeywell Int'l Inc. v. Universal Avionic systems Corp., 488 F.3d 982, 988 (Fed. Cir. 2007), cited by the Defendants is not a collateral estoppel case, only one cause of action was involved and it involved a jurisdictional question where a party tried to withdraw claims over the **objection** of the opposing party. In stark contrast, in the SWB

case the SWB Court asked for the amendment to reduce the amount of claims, and not only did the Defendant not object, but it also acknowledged the Amended Disclosure in its court filings as did its expert. See, Exhibit G.

Claims 8, 10-14, 22, 24-28 and 35-41 are not in the Amended Declaration; thus the SWB Court Order did not declare those claims invalid. At most, there is a factual dispute as to the identity of the asserted claims before the court when it issued its Order. Summary judgment cannot be entered with the disputed facts. F.R.Civ.P. 56.

### III. Defendants' Unsuccessful Attempt to Prove Invalidity by Clear and Convincing Evidence.

Defendants in Sections II(E) and III do not rely on collateral estoppel but allege they have met the burden of proving that Claims 8-14, 22-28, 35-41 of the '125 patent are invalid by anticipation. (Defendants comment that claims are obvious with absolutely no effort to explain the statement or discuss obviousness and thus Defendants have not proven obviousness or even tried to do so).[1]

Hornbook law provides that the defense of anticipation, derived principally from §102(a), is strictly technical, requiring a showing of actual identity in **the prior art**. Steelcase, Inc. v. Delwood Furniture Co., Inc., 578 F.2d 74 (5th Cir.1978), cert. denied, 440 U.S. 960 (1978). Anticipation can only be established by a single prior art reference which discloses each and every element of the claimed invention. Structural Rubber Products Co. v. Park Rubber Co. 749 F.2d 707, 716 (Fed. Cir. 1984) (Emphasis

---

[1] Defendants state that the first set of testing by Mr. Gammino did not show infringement of Claims 9 and 22. That is just the first set of ongoing testing. Final testing will confirm the infringement. Defendants' motion does not raise the issue of infringement and thus the statement is not relevant.

Supplied). A court must conduct separate claim-by-claim analysis to determine if the **alleged prior art** contains all the elements of the patented claim(s). Schumer v. Laboratory Computer Systems, Inc., 308 F.3d 1304, 1316 (Fed. Cir 2002).

There is no doubt of Defendants' failure when the court reviews the Federal Circuit law on the evidence needed to support a finding of invalidity:

> Evidence of invalidity must be clear as well as convincing. Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory.

TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1372 (Fed. Cir. 2002) (Emphasis Supplied).

Defendants submitted no testimony on anticipation, submitted no testimony of one skilled in the art, did not provide a witness to interpret the claim elements, and did absolutely no analysis of how each element is disclosed in prior art.

Mr. Gammino has identified the only prior art found regarding his patents: the service blocked calls on the basis of the digits in the third plurality-if the digits in the third plurality were "011," then the call was blocked. ("SWB Prior Art") Gammino v. Southwestern Bell, 512 F. Supp. 2d. 626, 632 (2007).

Mr. Gammino in Exhibit D to the Complaint (Exhibit M hereto) shows that the SWB Prior Art does not have all the elements of any claim (precluding anticipation). In a Declaration, Carlton Tolsdorf, an expert, states that Exhibit D demonstrates that the SWB Prior Art does not have all the elements of any claim. Tolsdorf Decl. Para. 5, Exhibit N hereto, Exhibit E to Complaint (Emphasis Supplied). The Declarations of Mr. Tolsdorf were filed on May 20, 2010 with the Complaint and Defendants have not produced any evidence to the contrary.

Defendants' argument is that the SWB Court found the asserted claims invalid and a review of those asserted claims proves that the unasserted claims in that action are also invalid, including Claims 8-14, 22-28, 35-41 of the '125 patent. The Federal Circuit has rejected that argument and ruled that it is reversible error to find unasserted claims invalid as a result of finding asserted claims invalid. 800 Adept, Inc. v Murex Securities, Ltd., 539 F. 3d 1354, 1367 (Fed. Cir. 2008), cert. denied, 129 S. Ct. 1373 (2008).

Defendants argue claims pursued here are "identical" with claims found invalid. That is not a valid test. To the contrary, under the Doctrine of Claim Differentiation "two claims of a patent are presumptively of different scope." Kraft Foods, Inc. v. International Trading Company, 203 F.3d 1362, 1366(Fed. Cir. 2000). Defendants did not try to overcome that presumption and did not even mention it in their Reply.

Even if the test was valid, the facts are that the claims are not identical. Carlton Tolsdorf, a telecommunications expert, states that Claims 8-14, 22-28 and 35-41 are different and distinct from the comparison claims. See Exhibit O, Para 13, 14.

Mr. Gammino is a litigation expert and has 44 years' experience in the industry, including 17 years with a subsidiary of AT&T where, among other things, he managed the Security and Audit function, operator services and central office traffic engineering. His operational experience includes oversight of electronic toll fraud, oversight and improvement of calling methods, and a fundamental understanding of the operations of Electronic Switching Systems. See Exhibit P, Para. 2. He has tremendous experience to enable him to evaluate whether claims in his patents are "identical."

In his Declaration Mr. Gammino states that the claims compared by the Defendants are **not** identical and that Claims 8-13, 22-28, 35-41 of the '125 patent all are

different and distinct from the comparison claims used by Defendants. See Exhibit P, Para. 13.

As an example, there is a major difference between Claim 1 which prevents a call and Claim 8 which transmits dialing sequences. In operation, the methods of the claims use different steps and methods and apparatus is used differently. See Exhibit P, p 9-11. The difference between preventing a call and transmitting a dialing sequence to the communication pathway is a major difference. Mr. Gammino's inventions which permit "enablement" of international calls are very different from his inventions and others' inventions which block calls. See Exhibit P, p 9-11

Selective enablement allows calls to proceed to possible completion and thereby increase revenue. Selective prevention operates to stop potentially fraudulent calls thereby reducing potential expense. Claims 8-13 of the '125 patent are all enablement claims and are very different than the prevention claims that Defendants use for comparison. See Exhibit P, p 9-11

Contrary to being "identical" with prevention claims, Mr. Tolsdorf recognizes Mr. Gammino's invention of using "enabling" in claims to be "brilliant." Exhibit O, Para 10.

Defendants have not proven by clear and convincing evidence that Claims 8-14, 22-28, 35-41 of the '125 patent are invalid. Unlike Mr. Gammino, Defendants did not present a qualified witness on the allegation of "identical" claims.

Defendants' Motion for Summary Judgment must be denied.

ASTOR WEISS KAPLAN & MANDEL, LLP

BY: *[signature]*

**William M. Mullineaux**

## CERTIFICATE OF SERVICE

I, **William M. Mullineaux, Esquire**, hereby certify that on January 14, 2011, a true and correct copy of Plaintiff, John R. Gammino's Sur-Reply to Defendants' Second Motion for Summary Judgment was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice of the filing upon all counsel of record:

**John J. Cotter, Esquire**
**K&L Gates LLP**
**State Street Financial Center**
**One Lincoln Street**
**Boston, MA 02111-2950**
**John.Cotter@klgates.com**

**ASTOR WEISS KAPLAN & MANDEL, LLP**

BY: _____
**WILLIAM M. MULLINEAUX, ESQUIRE**
**Attorney for Plaintiff, John R. Gammino**
**Attorney I.D. No. 307976**
**230 South Broad Street**
**Suite 600, The Bellevue**
**Philadelphia, PA 19102**
**(215) 790-0100 (telephone)**
**(215) 790-0509 (facsimile)**

Dated: 1-14-2011