UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. GAMMINO, | : |
| | : Civil Action No. 2:10-cv-02493-CMR |
| Plaintiff, | : |
| | : |
| v. | : Honorable Cynthia M. Rufe |
| | : |
| SPRINT COMMUNICATIONS COMPANY L.P., et al. | : |
| | : |
| Defendants. | : |

# Plaintiff John R. Gammino's Brief and Declaration for Argument on April 21, 2011 on Summary Judgment Motions

ASTOR WEISS KAPLAN & MANDEL, LLP

BY: **William M. Mullineaux, Esquire**
   **Attorney I.D. No. 40964**
   David L. Woloshin, Esquire
   Attorney I.D. No. 20510
   Brian J. Discount, Esquire
   Attorney I.D. No. 307976
   200 South Broad Street
   Suite 600, The Bellevue
   Philadelphia, PA 19102
   (215) 790-0100 (telephone)
   (215) 790-0509 (facsimile)

In its order dated April 15, 2011, this Court asked the parties to explain the extent to which collateral estoppel extends to claims unadjudicated in SWB. This Court cited the principle that collateral estoppel could apply to unadjudicated claims because the "issues litigated, not the specific claims around which the issues are framed" are determinative. As a matter of law, the evaluation of whether issues are identical cannot be a comparison of the asserted claims and unasserted claims in the SWB case. The Federal Circuit has ruled that it is reversible error to find unasserted claims invalid as a result of asserted claims being invalid. 800 Adept, Inc. v. Murex Securities, Ltd., 539 F. 3d 1354, 1367 (Fed. Cir. 2008), cert. denied, 129 S. Ct. 1373 (2008). Further, as a matter of law under the Doctrine of Claim Differentiation, "two claims of a patent are presumptively of different scope." Kraft Foods, Inc. v. International Trading Co., 203 F.3d 1362, 1366 (Fed. Cir. 2000). Plaintiff believes the following chart helps organize and summarize the issues:

| | AGREED ASSERTED CLAIMS | DISPUTED UNASSERTED CLAIMS | AGREED UNASSERTED CLAIMS |
|---|---|---|---|
| A) CLAIMS: | 3, 17, 31 of '125 Patent and 2, 4 of '650 Patent First and Third Plurality Claims | 8-14, 22-28, 35-41 of '125 Prevention Claims; Enablement Claims; Multiple Comparisons of Signal Values Claims | 9, 23 of '125 Patent "01" Dialing Sequence Claims |
| B) ISSUE PRECLUSION: | Gammino argues Blonder-Tongue; Texas judge misunderstood technology; Sprint disagrees | Gammino argues Amended Disclosure removed these claims from Texas case; Sprint disagrees | X No Issue |
| C) ALLEGED INVALIDITY BASED ON SIMILAR SUBJECT MATTER: | X No Issue | SWB prior art does not match claims; Enablement and Multiple Comparisons of Signal Values functions distinguish these claims from alleged identical claims. | SWB prior art does not match claims; Enablement and Multiple Comparisons of Signal Values functions distinguish these claims from the alleged identical claims. |

In finding invalidity the SWB Court used the <u>Vanmoor</u> approach and did not address at all the elements of the claims. To find invalidity, courts require testimony concerning anticipation from one skilled in the art who identifies each claim element, states the witnesses' interpretation of the claim element, and explains in detail how each claim element is disclosed in the prior art reference. <u>TechSearch, L.L.C. v. Intel Corp.</u>, 286 F.3d 1360, 1372 (Fed. Cir. 2002). The SWB Court addressed none of those issues.

The SWB prior art is a service that <u>blocked</u> one type of call based on digits in the third plurality: if the digits in the <u>third plurality</u> were "011," then the call was blocked. <u>Gammino v. Southwestern Bell</u>, 512 F. Supp. 2d. 626, 632 (2007). Claims 8-14, 22-28, 35-41 of the '125 patent go beyond just blocking based on the third plurality and have additional elements of enablement, based on first and third pluralities, signal values and other functions.

The technical differences between the prior art and pursued claims is dramatic. Attached is a list prepared by Mr. Gammino which shows that the SWB prior art prevents one type of call while the claims pursued here prevent or enable 1,272 types of different calls, including international calls with 101, 950, 800, 866, 877 and 888 in the first plurality and calls with 01, 011 and fifty-two different international area codes in the third plurality. The SWB Court did not consider these important differences or issues.

Although validity cannot be determined by a comparison of asserted claims and unasserted claims, in fact the claims pursued here are NOT identical to the claims on which Sprint relies. Mr. Gammino's attached Declaration demonstrates that fact.

ASTOR WEISS KAPLAN & MANDEL, LLP

BY: *William M. Mulineaux* 

2

## Plaintiff John R. Gammino's Declaration

I, John R. Gammino, Plaintiff declare:

1. Sprint alleges that certain claims found invalid in the SWB case are identical to Claims 8-14, 22-28 and 35-41 of the '125 patent. A review of the alleged identical claims shows, however, that those claims are NOT identical to Claims 8-14, 22-28 and 35-41 of '125 patent. That technical fact is demonstrated by the following:

2. **CLAIM 8 (9-14 dependent)** enables establishment of a telephone call. The alleged identical Claims are 1, 3, 18, 6, and 7.

   A. Claim 8 with the enabling method is not identical to the prevention claim in Claim 1. Selective enablement allows calls thereby increasing revenue. Selective prevention operates to stop calls thereby reducing potential expense. Claim 8 requires apparatus that enables and Claim 1 does not. Also, Claim 8 recites a "means for transmitting," an element that is absent from claim 1.

   B. Claim 14 must be viewed in the context of its base, independent enabling claim 8. Claim 14 requires apparatus that both prevents and enables. Claim 7 (dependent on Claim 1) is the alleged identical claim to Claim 14 but Claim 7 does not require apparatus that both prevents and enables.

3. **CLAIM 22 (23-28 dependent)** recites a method based on multiple comparisons of signal values. The alleged identical Claims are 29 and 31-34.

   A. Claim 22 is not identical to Claim 29. Claim 22 recites a complex method of making decisions based on multiple comparisons of signal values and not just based on the third plurality. Claim 29 makes decisions just based on the third plurality. Claim 22 compares <u>at least two of</u> a plurality of signal values with

predetermined digit sequences; and at least partially prevents <u>if at least two of a plurality of signal values</u> and any one of predetermined digit sequences are identical. Claim 29 does not decide based on multiple comparisons.

      B. Claim 22 uses signal values transferred by hertz tones and any one signal value by itself does not match up with any dialing signal. Multiple signal values must be decoded to determine a dialing signal. Claim 29 does not use the signal values but uses dialing signals (the actual digits 1,2, etc.). The multiple signal values transferred by hertz tones allow Claim 22 to make decisions that Claim 29 cannot make. Claim 22 requires apparatus that distinguishes multiple signal values and Claim 29 does not.

      **4. CLAIM 35 (36-41 dependent)** recites a method based on comparisons of signal values. The alleged identical Claims are 29, 18, 31, 33, and 34.

      Claim 35 is not identical to Claim 29 because Claim 35 recites signal values. Claim 35 requires apparatus that distinguishes multiple signal values; Claim 29 does not.

      **5. CLAIMS 28 and 37.** Defendants have not cited to any claim allegedly identical to Claim 28 or Claim 37 which prevent calls by severing a connection.

      **6. CLAIMS 8-14, 22-28, 35-41** are not identical to the alleged identical claims.

      7. The table below shows the technical differences between the first and third plurality claims (claims 3, 10, 17, 22-28, 31 and 38 of the '125 patent and claims 2 and 4 of the '650 patent) pursued here and the SWB prior art.

                                    _/s/JRG/_____ Date: April 20, 2011

                                      John R. Gammino

## Technical Differences in calls covered by '125 and '650 patents and SWB prior art

**SWB prior art**       XXX  XXXX 011   (1 type: third plurality to prevent only)
**Grand Total**

### '125 & '650 patent (enable or prevent)

        101 XXXX 01
        101 XXXX 011
        101 XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        101 XXXX 52 Int'l Area Codes with prefix "0" CCard , Collect
Total 106

        950 XXXX 01
        950 XXXX 011
        950 XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        950 XXXX 52 Int'l Area Codes with prefix "0" CCard , Collect
Total 106

        800 XXX XXXX 01
        800 XXX XXXX 011
        800 XXX XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        800 XXX XXXX 52 Int'l Area Codes with prefix "0" CCard, Collect
Total 106

        866 XXX XXXX 01
        866 XXX XXXX 011
        866 XXX XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        866 XXX XXXX 52 Int'l Area Codes with prefix "0" CCard, Collect
Total 106

        877 XXX XXXX 01
        877 XXX XXXX 011
        877 XXX XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        877 XXX XXXX 52 Int'l Area Codes with prefix "0" CCard, Collect
Total 106

        888 XXX XXXX 01
        888 XXX XXXX 011
        888 XXX XXXX 52 Int'l Area Codes with prefix "1" Direct Dialed
        888 XXX XXXX 52 Int'l Area Codes with prefix "0" CCard, Collect
Total 106

**Sub Total 636**

Now you take can these and double them because some claims **block** and some **enable.**

**Grand Total 1,272**

## CERTIFICATE OF SERVICE

I, **William M. Mullineaux,** hereby certify that on April 20, 2011, a true and correct copy of Plaintiff John R. Gammino's Brief and Declaration for Argument on April 21, 2011 on Summary Judgment Motions was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice of the filing upon all counsel of record, including:

John J. Cotter, Esquire
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
John.Cotter@klgates.com

**ASTOR WEISS KAPLAN & MANDEL, LLP**

BY:___/s/WMMullineaux___
WILLIAM M. MULLINEAUX
Attorney for Plaintiff
Attorney I.D. No. 40964
230 South Broad Street
Suite 600, The Bellevue
Philadelphia, PA 19102
(215) 790-0100 (telephone)
(215) 790-0509 (facsimile)